IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:22-HC-2050-M

| | |
|---|---|
| MATTHEW JOSEPH TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| RONNIE LANE HUNEYCUTT, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on respondent's motion to dismiss [D.E. 26] and to seal [D.E. 30]. Petitioner responded in opposition. Also before the court are petitioner's motions to appoint counsel [D.E. 21, 34], for mental competency of petitioner [D.E. 22], for order to release property [D.E. 35], to seal and suppress respondent's arguments [D.E. 36], to strike conflicting testimonies [D.E. 37], for proper review of violations of petitioner's rights [D.E. 38], and to consider stay or abeyance [D.E. 39]. Respondent responded in opposition to all of petitioner's motions except petitioner's motions to appoint counsel and for mental competency evaluation at docket entries 21 and 22, respectively. For the reasons stated below, the court grants respondent's motions and denies petitioner's motions.

BACKGROUND

On September 27, 2018, petitioner was convicted of "felony second-degree burglary and first-degree murder on the basis of malice, premeditation, and deliberation and on the basis of the first-degree felony murder rule." State v. Taylor, 837 S.E. 2d 484 (table), 2020 WL 549768, at *6 (N.C. App. 2020). "The trial court sentenced [petitioner] on the same day to life without the possibility of parole on the first-degree murder conviction, and it imposed a consecutive sentence

of 13 to 25 months in prison on the second-degree burglary conviction. [Petitioner] noticed appeal in open court and filed written notice of appeal the same day." Id. at *6.

On February 4, 2020, the North Carolina Court of Appeals issued an unpublished opinion holding no error occurred. Id. at *8. On March 9, 2020, petitioner filed a petition for discretionary review in the North Carolina Supreme Court ("NCSC"). (Resp't Mem. Ex. 5 [D.E. 27-6]). On February 9, 2021, the NCSC denied discretionary review. (Resp't Mem. Ex. 7 [D.E. 27-8]). Petitioner subsequently filed motions for paternity test and to strike a prior conviction with the NCSC on April 16 and September 17, 2021, respectively. (Resp't Mem. Ex. 8 [D.E. 27-9]; (Resp't Mem. Ex. 10 [D.E. 27-11]). The NCSC dismissed the motion for paternity test on June 14, 2021, and the motion to strike on November 1, 2021. (Resp't Mem. Ex. 9 [D.E. 27-10]; (Resp't Mem. Ex. 11 [D.E. 27-12]).

Petitioner also wrote letters to the county clerk's office and the trial court. (Resp't Mem. Ex. 12 [D.E. 27-13]; (Resp't Mem. Ex. 13 [D.E. 27-14]). The court informed petitioner that his "correspondence [was] not in a proper form or pleadings such that the Court can take action at this time." (Resp't Mem. Ex. 13 [D.E. 27-14 at 9]).[1] One letter to the clerk's office requested return of property, to which the clerk responded that the request would have to be resubmitted after petitioner's direct appeal had concluded. (Resp't Mem. Ex. 12 [D.E. 27-13]). The clerk responded to petitioner's other letters providing petitioner a copy of his case file and informing petitioner that the clerk's office could not assist him with his request for return of property.

---

[1] Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management / electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

(Resp't Mem. Ex. 13 [D.E. 27-14] at 2). After his direct appeal concluded, petitioner resubmitted an application for return of his property. (Resp't Mem. Ex. 14 [D.E. 27-15]).

On March 11, 2022, petitioner commenced the instant action by petitioning this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [D.E. 1]. The original petition failed to identify a respondent, and the court provided petitioner an opportunity to amend the petition. [D.E. 8]. The order warned petitioner that the court would "consider the amended petition as the petition in its entirety." (Id. at 2).

Petitioner filed an amended petition on August 28, 2023. [D.E. 11]. Petitioner makes the following claims: (1) "[t]he Court of Appeals err[ed] by finding no error," alleging his trial attorney "did not do his job" regarding a state witness, and his appellate attorney failed to inform him of his right to file a petition for a writ of certiorari ("ground one"); and (2) the NCSC "err[ed] in denying motion to strike prior conviction" ("ground two"). (First Am. Pet. [D.E. 11] at 5–7). On December 1, 2023, petitioner filed a motion to amend his petition, which the court granted. [D.E. 12, 13]. On April 3, 2024, petitioner filed his second amended petition claiming the following: (1) "[c]ourt err[ed] by not properly deciding on reversible error by limiting [petitioner's] cross-examination of two prosecution witnesses" ("ground three"); (2) "[c]ourt err[ed] by not properly deciding on reversible error by instructing the jury with regard to first degree murder" ("ground four"); and (3) the NCSC's dismissal of petitioner's motion to strike a prior conviction without a hearing was in error ("ground five"). (Second Am. Pet. [D.E. 18] at 5–9).

Respondent filed the instant motion to dismiss on July 8, 2024, relying on a memorandum in support and state court records. Respondent argues the petition is untimely, petitioner's claims

3

are procedurally defaulted, all claims were not fully litigated in state court or cognizable on federal habeas review. Petitioner responded in opposition on July 29, 2024.

COURT'S DISCUSSION

A.    Motion to Seal [D.E. 30]

Respondent moves to seal filings in support of his motion to dismiss and two pages of the original petition to protect the identities of minor codefendants and witnesses. [D.E. 31]. Petitioner does not object to sealing. The public has received adequate notice of the motion to seal. No less drastic alternative to sealing these documents is available because private information appears throughout the filing. The minors' interest in preserving their identity outweigh any public interest in disclosure. Thus, the court grants the motion to seal. See Doe v. Public Citizen, 749 F.3d 246, 266–67, 272 (4th Cir. 2014).

However, due to constraints within the court's case management/electronic case filing (CM/ECF) system, sealing of specific pages is not possible. The clerk is directed to maintain docket entry one under seal, and respondent is directed to submit a redacted version to be maintained on the court's public docket.

B.    Motions to Appoint Counsel and for Mental Competency of Petitioner [D.E. 21, 22, 34]

Regarding petitioner's motion for mental competency of petitioner, the motion is not the model of clarity. Petitioner does not request an evaluation but appears to request that he "be acknowledged by the court as a man with mental illness." Petitioner does not provide evidence of a mental health diagnosis, state what his diagnosis was, or explain how his mental illness affects his ability to litigate this matter. Moreover, petitioner has shown his capabilities in filing

4

numerous motions with the court and responding to respondent's motions. Accordingly, this motion is denied.

Petitioner has also filed two motions to appoint counsel. No right to counsel exists in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). However, the court may appoint counsel in such a proceeding if "the interests of justice so require." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner has not demonstrated that the interests of justice require appointment of counsel, and in fact, as previously stated, he has demonstrated his ability to litigate this action. Accordingly, the court denies the motions to appoint counsel.

C.   Motions to Seal and Suppress Arguments [D.E. 36]

Petitioner's motion seeks to seal and suppress all references to his April 16, 2021, motion for paternity test filed with the NCSC and his requests for return of property. [D.E. 36]. Petitioner argues that such references are unrelated to the underlying petition and should not be used to establish a timeline in this matter. (Id.). The court finds that such filings are relevant to establish the limitations period for the petition in this case. Further, petitioner has failed to show the underlying state court filings should be sealed or suppressed. Accordingly, the motion is denied.

D.   Motion for Stay or Abeyance [D.E. 39]

Petitioner requests a stay or abeyance because "[i]t appears that two of the grounds filed by the Petitioner are unexhausted." [D.E. 39 at 1]. Petitioner would like the opportunity to return to state court to exhaust his state remedies. (Id.). While stay and abeyance is available in "limited circumstances" when a federal habeas petitioner brings unexhausted claims, petitioner

5

must show "good cause for his failure to exhaust" to obtain such a stay. See Rhines v. Weber, 544 U.S. 269, 277 (2005). Here, petitioner does not provide sufficient justification for his failure to file any state post-conviction motions during the one-year period between his conviction and filing the instant action when he was aware or should have been aware of the pertinent issues at the time the original petition was filed. Accordingly, petitioner does not show good cause for the stay.

E.  Motion to Dismiss [D.E. 26]

   1.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the petition's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63 (2007); see also Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("[A motion to dismiss] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To withstand a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

Further, a motion to dismiss a § 2254 petition "tests the legal sufficiency of the petition, requiring the federal habeas court to assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009); see Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). In addressing the motion to dismiss, the court considers the record of the state

6

proceeding and other matters of public record. See, e.g., Cullen v. Pinholster, 563 U.S. 170, 180-81 (2011); Walker, 589 F.3d at 139.

2. Analysis

a. Ground One

Ground one is not the model of clarity, but it appears petitioner attempts to make a claim for ineffective assistance of counsel regarding his trial attorney for his performance regarding witness testimony and appellate counsel for failing to inform petitioner of his right to file a petition for a writ of certiorari with the United Stated Supreme Court. (First Am. Pet. [D.E. 11] at 5).

The Sixth Amendment right to counsel includes the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy a two-prong test. First, a petitioner must show that counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time. Id. at 688. The court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Petitioner must overcome "a strong presumption that counsel's representation was within the wide range of reasonable professional assistance" and establish "that counsel made errors so serious that counsel was not functioning as the counsel guaranteed [him] by the Sixth Amendment." Harrington v. Richter, 562 US 86, 104 (2011). For the second prong, petitioner must show there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Id.

Regarding petitioner's claim that his trial attorney was ineffective, the supporting facts of the claim reads in their entirety:

7

> The Court of Appeals concluded speaking on my guilt (opinion) not what is right. I should not be withheld what is right because my public defender did not do his job. The evidence that was present to suggest a claim of my guilt (opinion) was spoken from a state witness. A state witness that claims I admitted to robbery, but my robbery charge was dismissed. That state witness also stated that I said a girl did it with no supporting facts. The prosecutor used the state witness statement in closing statements, not mine.

(First Am. Pet. [D.E. 11] at 5). From petitioner's vague rendition of the facts, the court cannot determine the aspect of his trial attorney's performance which petitioner alleges was ineffective. Thus, petitioner fails to satisfy the two-prong test in Strickland and fails state a claim for ineffective assistance of counsel as to his trial attorney. See Harrington, 562 US at 104; Strickland, 466 U.S. at 688; see also Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302.

The court next addresses petitioner's claim that appellate counsel failed to inform him of his right to file a petition for a writ of certiorari. "Defendants 'do[ ] *not* have a constitutional right to counsel to pursue discretionary state appeals or applications for review in [the Supreme Court].'" Folkes v. Nelsen, 34 F.4th 258, 273–74 (4th Cir. 2022) (quoting Wainwright v. Torna, 455 U.S. 455, 587 (1982)). Thus, "when a defendant has no constitutional right to counsel for a particular proceeding, he [cannot] be deprived of the effective assistance of counsel by his retained counsel's conduct related to that proceeding." Id. at 274. Accordingly, petitioner fails to state a claim of ineffective assistance of counsel as to his appellate attorney. See e.g., id. at 281 (holding claim of ineffective assistance of counsel based on counsel's failure to inform petitioner of outcome if his direct appeal of right "would not support the granting of habeas relief").

    b.  Ground Two, Three, and Five

Grounds two and five claim the NCSC's dismissal of petitioner's motion to strike a prior conviction without a hearing was in error. (First Am. Pet. [D.E. 11] at 7; Second Am. Pet. [D.E.

8

18] at 8). Petitioner alleges in ground three that the trial court erred by limiting petitioner's cross-examination of two state witnesses. (Second Am. Pet. [D.E. 18] at 5). The court finds these grounds untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires an individual in custody pursuant to the judgment of a state court to file any application for a writ of habeas corpus within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005).

"An otherwise untimely claim relates back to the original timely-filed pleading if 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" Jordan v. United States, No. 3:16-CR-145-RJC-DCK-2, 2024 WL 871369, at *10 (W.D.N.C. Feb. 29, 2024) (quoting Fed. R. Civ. P. 15(c)(1)(B)), appeal dismissed, No. 24-6301, 2024 WL 3220324 (4th Cir. June 28, 2024). Claims asserted after the one-year limitations period are not revived simply because "they relate to the same trial, conviction, or sentence." Mayle v. Felix, 545 U.S. 644, 662 (2005); United States v. Duffus, 174 F.3d 333, 338 (3d Cir. 1999). Amended claims relate back to the original

9

petition when they are "tied to a common core of operative facts." Id. at 664; see also United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002) (noting that amendments to a § 2255 motion made after expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely), overruled on other grounds by, United States v. Blackstock, 513 F.3d 128, 132-133 (4th Cir. 2008); Jordan, 2024 WL 871369, at *10.

AEDPA's one-year limitation period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Hernandez v. Caldwell, 225 F.3d 435, 438–39 (4th Cir. 2000). The running of the one-year limitation period, however, resumes once the state's highest court resolves the state post-conviction proceedings, and the time between when a petitioner's conviction becomes final and when a petitioner files a state application for post-conviction relief also counts against AEDPA's limitation period. See Harris v. Hutchinson, 209 F.3d 325, 327–28 (4th Cir. 2000); see also Holland v. Florida, 560 U.S. 631, 635–38 (2010).

As stated above, the trial court entered judgment on September 27, 2018. Taylor, 2020 WL 549768, at *6. Petitioner timely appealed, and the North Carolina Court of Appeals denied relief on February 4, 2020. Id. at *8. Petitioner filed for discretionary review in the NCSC, which was denied on February 9, 2021. (Resp't Mem. Ex. 7 [D.E. 27-8]). On September 17, 2021, petitioner filed a motion to strike prior conviction, which may have been an attempt to file a motion for appropriate relief ("MAR") with the NCSC. (Resp't Mem. Ex. 10 [D.E. 27-11]). The NCSC denied the motion to strike on November 1, 2021. (Resp't Mem. Ex. 11 [D.E. 27-12]).

Even assuming petitioner was attempting to file an MAR, the NCSC was the improper court in which to file an MAR. See N.C. Gen. Stat. § 15A-1420(b1)(1) (providing an MAR

10

proceeding commences "by filing with the clerk of the superior court of the district wherein the defendant was indicted"). Thus, petitioner's motion was not properly filed and does not toll the one-year period of limitations. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Smith v. Woodard, 57 F. App'x 167 (4th Cir. 2003); Hernandez, 225 F.3d at 438–39.

Thus, the statutory period began to run $150^2$ days after the NCSC denied discretionary review on February 9, 2021, because petitioner did not petition for a writ of certiorari with the United States Supreme Court. See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"); Sup. Ct. R. 13.1. The statute of limitations then ran for three hundred sixty-five (365) days until it expired on July 9, 2022. Ground two was raised in the first amended petition signed on August 22, 2023.[3] Grounds three and five were raised in petitioner's second amended petition signed on March 20, 2024. Accordingly, these grounds are time-barred.

The court next considers whether the grounds relate back to claims made in the original petition, which would render them timely. As to ground three, as noted, petitioner alleges the trial court erred by limiting his cross-examination of two unidentified state witnesses noting his attorney "did not properly argue the Confrontation Clause." (Second Am. Pet. [D.E. 18] at 5). None of the grounds raised in the original petition filed March 11, 2022, implicate limitations on petitioner's opportunity for cross-examination or the Confrontation Clause. (See Pet. [D.E. 1] at

---

[2] On March 19, 2020, the Supreme Court of the United States extended the time for filing a petition for a writ of certiorari from 90 days to 150 days due to the COVID-19 pandemic. See United States v. Spencer, No. 22-6773, 2022 WL 17660979, at *1 (4th Cir. Dec. 9, 2022) (citation omitted). "The Supreme Court rescinded this order on July 19, 2021." Id. at *1 n.2.

[3] Out of an abundance of caution the court utilizes the dates the petitions were signed, as opposed to the filing date.

11

5–27). The only references to witnesses in the original petition are to unspecified "hearsay statements," false testimony, inconsistent witness statements, and conflicting witness testimony. (Id. at 10, 11, 19-23). As such, none of the grounds in the original petition share the necessary "common core of operative facts" with ground three to allow for relation back and merely relating to the same trial is insufficient. See Felix 545 U.S. at 662, 664.

The court next considers grounds two and five, which challenge the dismissal of petitioner's motion to strike a prior conviction without a hearing. While the original petition states that the motion to strike was filed, the motion is merely listed as an action taken after the completion of petitioner's direct appeals. (Pet. [D.E. 1] at 3, 5, 7, 9, 10, 13–14, 17–21, 23–24, 26). A challenge to the dismissal of the motion to strike appears nowhere in the 17 grounds for relief stated in the original petition. (See id. at 3–27). The grounds listed in the original petition all pertain to the underlying criminal proceedings and direct appeals. (Id.). The NCSC's dismissal of the motion to strike prior criminal conviction does not arise out of the conduct, transaction, or occurrence of the claims in the original pleading, and therefore do not share the necessary "common core of operative facts." See Felix 545 U.S. at 662, 664.

Although not the model of clarity, petitioner appears to argue ground three is timely because his original petition was filed within the one-year limitations period. (Pet. Resp. [D.E. 33] at 1–3). Petitioner's argument is meritless. On the court prescribed form on which petitioner submitted his original petition, petitioner was warned, "[I]f you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date." (Pet. [D.E. 1] at 5). Further, in its August 2, 2023, order directing petitioner to file an amended petition, the court instructed petitioner that the amended petition "shall not assert claims unrelated to those in

12

the [original] petition." (Aug. 2, 2023, Ord. [D.E. 8] at 2). Petitioner failed to include ground three, as well as grounds two and five, in his original petition.

Section 2244 "allows for equitable tolling in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008) (internal quotation marks and citation omitted). To be entitled to equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quotation omitted).

Here, petitioner does not plausibly allege extraordinary circumstances prevented timely asserting these claims or that he diligently pursued his rights. Cf. id.; Green, 515 F.3d at 304; see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Harris, 209 F.3d at 330–31. Petitioner merely argues his original petition was timely filed, and thus, ground three is timely. As addressed above, such an assertion is incorrect. Thus, because equitable tolling is inappropriate, grounds two, three, and five remain untimely.

    c.  Ground Four

Ground four alleges the "[c]ourt err[ed] by not properly deciding on reversible error by instructing the jury with regard to first degree murder." (Second Am. Pet. [D.E. 18] at 7). Respondent argues ground four is procedurally defaulted.

Absent a valid excuse, a state prisoner must exhaust all available remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S.

13

509, 522 (1982); Hedrick v. True, 443 F.3d 342, 363–66 (4th Cir. 2006). Section 2254's exhaustion requirement demands that state prisoners give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To satisfy the exhaustion requirement, the petitioner must fairly present his claims to the state court. See, e.g., Picard v. Connor, 404 U.S. 270, 275 (1971); Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). A claim is "fairly presented" if the petitioner presents to the state court the "substance of his federal habeas corpus claim," including "both the operative facts and the controlling legal principles." Pethtel v. Ballard, 617 F.3d 299, 306 (4th Cir. 2010) (quotations omitted).

In North Carolina, a habeas petitioner may satisfy section 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a state post-conviction proceeding (such as a motion for appropriate relief) and seeking review by the North Carolina Court of Appeals. See N.C. Gen. Stat. §§ 7A-28(a), 7A-31, 15A-1415, 15A-1422; State v. Stubbs, 368 N.C. 40, 42–44, 770 S.E.2d 74, 75–76 (2015).

The North Carolina Court of Appeals held petitioner failed to object to the jury instructions and, therefore, did not preserve the claim as required under North Carolina Rules of Appellate Procedure 10(a)(1). Taylor, 2020 WL 549768. Because petitioner failed to preserve these claims under North Carolina law, he procedurally defaulted them. See, e.g., Woodford v. Ngo, 548 U.S. 81, 92–93 (2006); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by Miller-El v. Dretke, 545 U.S. 231 (2005). Moreover, petitioner has failed to show cause and prejudice or that failure to consider his claims will result in a fundamental

14

miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 749–50 (1991); United States v. Frady, 456 U.S. 152, 167 (1982). Accordingly, petitioner's procedural default bars habeas review of these claims.

F.  Motion for Proper Review [D.E. 38]

Petitioner appears to seek to allege additional claims and "proper initial review" of those claims, listing 16 new claims. (Mot. Proper Review [D.E. 38] at 1-Thus, the court construes petitioner's motion as a motion to amend.

Where, as here, a party seeks leave to amend more than 21 days after a responsive pleading or Rule 12(b) motion has been filed, the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). With respect to futility, the court may deny leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). Thus, "a proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss" pursuant to Federal Rule of Civil Procedure 12(b)(6). Save Our Sound OBX, Inc. v. North Carolina Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019).

Twelve of the additional grounds for relief pertain to violations of North Carolina law. (Mot. Proper Review [D.E. 38] at 1–7). Absent extraordinary circumstances, however, alleged

15

violations of state law do not give rise to a cognizable claim under § 2254. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) (finding, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (collecting cases for the proposition that "federal habeas corpus relief does not lie for errors of state law"); Thomas v. Taylor, 170 F.3d 466, 470 (4th Cir. 1999) (finding, "federal habeas relief simply does not lie for errors of state law"); Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960) ("It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a federal habeas corpus petition is not to serve as an additional appeal."). The court finds that the allegations in the instant motion were not so arbitrary and capricious to warrant federal habeas review. See Lewis v. Jeffers 497 U.S. 764, 780 (1990).

In the remaining four claims, petitioner asserts the following errors: (1) his right to a speedy trial was violated resulting in his "indictment becom[ing] a matter of Double Jeopardy"; (2) petitioner seeks to have a trial court punished pursuant to 18 U.S.C. § 401 for repeatedly continuing the underlying criminal trial; (3) the trial court expressed knowing petitioner's counsel for 20 years and practicing law alongside him, which created a conflict of interest; and (4) instead of the state calling petitioner to testify, a state's witness testified as to statements petitioner made. (Mot. Proper Review [D.E. 38] at 3–5).

Petitioner's claims regarding speedy trial violations, repeated trial court continuances, and conflict of interest were not raised until the instant motion, which was signed July 24, 2024. (Id.

16

at 3–5; see also Pet. [D.E. 1]). As such, these claims do not arise out of the conduct, transaction, or occurrence of the claims in the original pleading, and therefore do not share the necessary "common core of operative facts." See Felix 545 U.S. at 662, 664. Accordingly, these claims are untimely for the same reasons stated above.

Lastly, although petitioner cites 18 U.S.C. § 3500 in support of his assertion that the court erred in allowing a state's witness to testify as to petitioner's own statements, such an allegation sounds in state law under the North Carolina Rules of Evidence. See N.C. Gen Stat. § 8C-1. As previously stated, absent extraordinary circumstances, a state court's determination of an evidentiary question under state law does not give rise to a cognizable claim under § 2254. See Estelle, 502 U.S. at 67–68; Fullwood v. Lee, 290 F.3d 663, 692 (4th Cir. 2002) ("A state court's resolution of an evidentiary question generally does not give rise to a cognizable claim under § 2254."); Stockton v. Com. of Va., 852 F.2d 740, 748 (4th Cir. 1988) ("[T]he admissibility of evidence is generally a matter of state law which does not properly concern a federal habeas court unless it impugns the fundamental fairness of the trial."). Petitioner has not demonstrated such circumstances.

Based on the above, amendment would be futile, and the motion is denied.

G.    Certificate of Appealability

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further, the court denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

17

CONCLUSION

For the reasons discussed above, the court GRANTS respondents' motion to dismiss [D.E. 26] and DENIES a certificate of appealability. The court also GRANTS respondent's motion to seal [D.E. 30]. For the reasons stated herein, the clerk is DIRECTED to maintain docket entry one under seal, and respondent is DIRECTED to submit a redacted version to be maintained on the court's public docket within **seven days** of entry of this order. Petitioner's motions to appoint counsel [D.E. 21, 34], for mental competency of petitioner [D.E. 22], to seal and suppress respondent's arguments [D.E. 36], for proper review of violations of petitioner's rights [D.E. 38], and to consider stay or abeyance [D.E. 39] are DENIED. Petitioner's motions for order to release property [D.E. 35] and to strike conflicting testimonies [D.E. 37] are DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of March, 2025.

RICHARD E. MYERS, II
Chief United States District Judge